



Jayson M. Lorenzo, Esq. SBN 216973
Ryan J. Altomare, Esq. SBN 306581
Law Offices of Jayson M. Lorenzo
2794 Gateway Road, Suite 116
Carlsbad, CA 92009
Tel. (760) 517-6646
Fax (760) 520-7900

Attorneys for Plaintiff,
Andrew Bennett

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

ANDREW BENNETT,

Plaintiff,

vs.

DARON FORBES, WE ARE VOLLEYBALL ELITE,, and DOES 1 through 100, inclusive,

Defendants.

Case No. '17CV0464 MMAKSC

**COMPLAINT FOR:**

**1. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**
**2. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**
**3. NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**
**4. DEFAMATION;**
**5. TRADEMARK INFRINGEMENT;**
**6. FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION**
**7. VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200**
**8. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**9. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

JURY TRIAL DEMANDED

Plaintiff, ANDREW BENNETT, hereby alleges the following:

/ / /

/ / /

## JURISDICTION AND VENUE

1. This is an action for California state claims for intentional interference with contractual relations, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, defamation, common law trademark infringement, unfair competition, intentional infliction of emotional distress, negligent infliction of emotional distress, and a federal claim for unfair competition and false designation.

2. This complaint arises under the Lanham Act, Title 15 of the United States Code § 1125(a), California Civil Code § 44, *et seq*., California Business and Professions Code §§ 14245, 14259, 17200 and California common law.

3. The jurisdiction of this Court over this action is conferred by 28 U.S.C. §§ 1331, 1338, and 1367.

4. This Court has personal jurisdiction over the Defendants because Defendants reside and/or have their principal place of business in the State of California and because the wrongful conduct primarily occurred in this district.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES TO THE ACTION

6. Plaintiff ANDREW BENNETT is an individual residing in the County of San Diego in the State of California.

7. At all material times herein alleged, Defendant DARON FORBES was and continues to be an individual residing in the State of California.

8. Defendant WE ARE VOLLEYBALL ELITE is and at all times mentioned herein was a corporation organized and existing under the laws of the State of California having a principal place of business at 620 Manhattan Ave., Manhattan Beach, CA 90266.

9. Plaintiff is unaware of the true identity, nature and capacity of each of the Defendants designated herein as a DOE. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is in some manner

responsible for the damages and injuries as are alleged in this complaint. Upon learning the true identity, nature and capacity of the DOE Defendants, Plaintiff will amend this complaint to allege their true names and capacities.

10. Plaintiff is informed and believes and thereon alleges that at all material times herein alleged that the Defendants, and each of them, were the agents, servants and employees of the other Defendants, and each of them.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. On or about 2011, Plaintiff began conducting volleyball events in particular showcases in San Diego, California.

12. On or about early, 2014, Plaintiff came up with and began using the name "Get Noticed Beach Volleyball" ("GNBV").

13. GNBV is an organization formed for the purpose of connecting high school beach volleyball athletes with college recruiters.

14. On or about May, 2014, Plaintiff purchased a logo for the GNBV brand.

15. The first GNBV event was held in late 2014. After Plaintiff had come up with GNBV he agreed to conduct events with Defendants.

16. On or about 2012, Plaintiff formed a business called "Carlsbad Open Amateur & Junior Events" in San Diego, California

17. On or about late 2014, Plaintiff changed the name of Carlsbad Open Amateur & Junior Events to Endless Summer Volleyball Tour ("Endless Summer"). The first Endless Summer event took place on or around November, 2014. After Plaintiff had come up with Endless summer he agreed to conduct events with Defendants.

18. Endless Summer is an organization formed for the purpose of scheduling and coordinating beach volleyball tournaments.

19. On or about 2016, Plaintiff formed a business called Junior Beach Volleyball League ("JBVL").

20. JBVL is an organization formed for the purpose of providing beach volleyball players, specifically club players, an opportunity to play during the offseason months of Winter and Spring. After Plaintiff had come up with JBVL he agreed to conduct events with Defendants.

**FIRST CAUSE OF ACTION**

**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

21. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

22. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto, Defendants were and are aware that Plaintiff had contractual agreements and business relationships with various businesses/individuals relating to the beach volleyball market.

23. Each of these businesses/individuals were entities with whom Plaintiff reasonably expected to have on-going agreements and business relationships. Plaintiff is informed and believes and based thereon alleges, that commencing in February, 2017, Defendants intended to disrupt the agreements between Plaintiff and these entities by among other things, telling third parties that Plaintiff engages in fraudulent activity and claiming that Plaintiff has no rights in the GNBV, Endless Summer, and JBVL marks and that Defendants are the sole owner of these marks.

24. Defendants used wrongful and unethical means to prevent performance or caused performance between Plaintiff and third parties to be more expensive or difficult.

25. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendants' acts, Plaintiff was harmed and that Defendants' actions were a substantial factor in causing the harm.

26. As a direct and proximate result of Defendants' acts, Plaintiff has suffered damage in an amount to be proven at trial.

27. The Defendants' acts as alleged herein were willful, wanton, malicious and oppressive, and were undertaken with the intent of inflicting sever financial harm on Plaintiff, thus justifying an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

28. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

29. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto, Plaintiff had business relationships with various businesses/individuals relating to the beach volleyball market which would have resulted in an economic benefit to Plaintiff.

30. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto, Plaintiff expended a considerable amount of time, effort and money developing the business relationships with each of the business entities stated herein. Plaintiff is informed and believes, and based thereon alleges, that because of the significant amount of time, effort and money that was invested in these business relationships, it probably would have resulted in an economic benefit to Plaintiff.

31. Defendants knew of these relationships and Plaintiff is informed and believes, and based thereon alleges, that commencing in February, 2017, Defendants intended to disrupt the relationships between Plaintiff and these entities by, among other things, telling third parties that Plaintiff engages in fraudulent activity and claiming that Plaintiff has no rights in the GNBV, Endless Summer, and JBVL marks and that Defendants are the sole owner of these marks, none of which were true. Defendants' conduct was wrongful.

32. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendants' acts, Plaintiff's relationships were disrupted.

33. As a direct and proximate result of Defendants' acts, Plaintiff was harmed and Defendants' conduct was a substantial factor in causing the harm in an amount to be proven at trial.

34. The Defendants' acts as alleged herein were willful, wanton, malicious and oppressive, and were undertaken with the intent of inflicting severe financial harm on Plaintiff, thus justifying an award of exemplary and punitive damages.

## **THIRD CAUSE OF ACTION**

## **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

35. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

36. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto, Plaintiff had business relationships with various businesses/individuals relating to the beach volleyball market that probably would have resulted in a future economic benefit to Plaintiff.

37. Defendants knew of these relationships and knew or should have known that these relationships would be disrupted if Defendants failed to act with reasonable care.

38. Defendants failed to act with reasonable care and commencing in February, 2017, Defendants engaged in wrongful conduct by telling third parties that Plaintiff engages in fraudulent activity and claiming that Plaintiff has no rights in the GNBV, Endless Summer, and JBVL marks and that Defendants are the sole owner of these marks, all of which is not true.

39. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of Defendants' acts, Plaintiff's relationships were disrupted.

40. As a direct and proximate result of Defendants' acts, Plaintiff was harmed and Defendants' conduct was a substantial factor in causing the harm in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**DEFAMATION (LIBEL)**

41. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

42. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto, Plaintiff had contractual agreements and business relationships with various businesses/individuals relating to the beach volleyball market.

43. Commencing in February, 2017, Defendants made statements including written statements that Plaintiff engages in fraudulent activity and claiming that Plaintiff has no rights in the GNBV, Endless Summer, and JBVL marks and that Defendants are the sole owner of these marks, all of which is not true.

44. The individuals and businesses reasonably understood the statements to mean that Plaintiff engages in fraudulent activity and any of Plaintiff's representations about his ownership and involvement with GNBV, Endless Summer and JBVL are false. These false statements directly reflect on Plaintiff's reputation, standing and credibility in the community.

45. Defendant failed to use reasonable care to determine the truth or falsity of the statements and Defendants published the statements with constitutional malice because they knew that the statements were false, or acted with reckless disregard for the truth of the statements. The statements made by Defendants were done to harm and injure Plaintiff.

46. As a direct and proximate result of Defendants' acts, Plaintiff has suffered damage to his business, trade, profession, reputation and suffered from shame, mortification and hurt feelings, all in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT**

47. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

48. The aforementioned acts of Defendants constitute unfair competition and an infringement of Plaintiff's common-law rights in California and throughout the United States in the trademarks and trade dress of GNBV, Endless Summer, and JBVL.

49. Defendants have infringed Plaintiff's marks as alleged herein with the intent to deceive the public into believing that the services sold by Defendants are made by, approved by, sponsored by or affiliated with, Plaintiff. Defendants acts as alleged herein were committed with the intent to pass off and play off Defendants' services as services of Plaintiff, and with the intent to deceive and defraud the public.

50. Consumers are likely to purchase from Defendants services bearing the trademark of Plaintiff believing that the services are rendered by Plaintiff, thereby resulting in a loss of sales to Plaintiff.

51. Plaintiff has no control over the nature and quality of the services sold by Defendants under the trademark of Plaintiff, and because of the confusion as to the source of the products sold by Defendants, Plaintiff's goodwill in respect to the aforesaid trademarks will suffer and is at the mercy of Defendant.

52. The goodwill of Plaintiff under the trademark and trade dress of GNBV, Endless Summer, and JBVL is of enormous value, and Plaintiff has suffered and will continue to suffer irreparable harm should infringement be allowed to continue to the detriment of his trade reputation and goodwill.

**SIXTH CAUSE OF ACTION**

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION**

53. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

54. Defendants' acts, as described above, are likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of Defendants goods or commercial activities by Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. Upon information and belief, Defendants' acts of unfair competition, as described above, are deliberate and willful and undertaken with the intent to misappropriate the goodwill and reputation associated with Plaintiff's businesses.

56. Defendants' acts of infringement have caused both irreparable harm and monetary damage to Plaintiff in an amount that cannot be ascertained at this time but to be proven at trial. Unless restrained, such acts will cause further irreparable harm, leaving Plaintiff with no adequate remedy at law. By their foregoing acts, Defendants have deceived and confused members of the public, and are likely to do so unless restrained and enjoined by this Court.

**SEVENTH CAUSE OF ACTION**

**VIOLAITON OF BUSINESS AND PROFESSION CODE 17200**

57. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

58. Defendants' acts, as described above, are likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiff or as to the origin, sponsorship or approval of Defendants' goods or commercial activities by Plaintiffs in violation of § 17200 *et seq*. of the California Business and Professions Code.

59. Upon information and belief, Defendants' acts of unfair competition, as described above, are deliberate and willful and undertaken with the intent to misappropriate the goodwill and reputation associated with Plaintiff's marks.

60. Defendants' acts of infringement have caused both irreparable harm and injury to Plaintiffs in an amount to be proven at trial.

**EIGHTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

61. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

62. Plaintiff and Defendants had previously put on events together and as a result a preexisting relationship existed between the Parties where Defendants had a duty to exercise due care towards Plaintiff as well as there were certain agreements between the Parties.

63. Defendants' acts including that making of written statements that Plaintiff engages in fraudulent activity and claiming that Plaintiff has no rights in the GNBV, Endless Summer, and JBVL marks and that Defendants are the sole owner of these marks, all of which is not true, qualify as extreme and/or outrageous conduct. These acts constitute a breach of duty and also a breach of the agreements between the Parties.

64. In undertaking such acts, Defendants intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

65. As a result of such acts, Plaintiff suffered severe emotional distress.

66. Defendants' acts were a substantial factor in causing Plaintiff's severe emotional distress and caused damage in an amount to be proven at trial.

**NINTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

67. Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

68. Plaintiff and Defendants had previously put on events together and as a result a preexisting relationship existed between the Parties where Defendants had a duty to exercise due care towards Plaintiff as well as there were certain agreements between the Parties.

69. Defendants knew or should have known that their failure to exercise due care in making statements and representations to third parties would cause Plaintiff severe emotional distress and Defendants acts constitute of breach of duty and a breach of agreements between the Parties. Defendants acts in fact constituted a breach of duty and breach of the agreements between the Parties.

70. As a proximate result of Defendants acts Plaintiff suffered serious emotional distress in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each of them, be preliminarily and permanently enjoined from:

1. Using Plaintiff's trademark or any colorable imitation thereof;

2. Using any trademark that imitates or is confusingly similar to or any way similar to Plaintiff's trademark or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of the services or their connectedness to Plaintiff.

B. That Defendants be compelled to account to Plaintiff for any and all profits derived by it from its illegal acts complained of herein;

C. That the Defendants be ordered to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing a trademark found to infringe on Plaintiff;

D. General damages in an amount to be proven at trial;

E. Special damages in an amount to be proven at trial;

F. Punitive damages;

G. Disgorgement of Profits;

H. Plaintiff's reasonable fees and costs;

///

/

/

/

I. An award of prejudgment interest;

J. An award for such other and further relief as the Court of this case deems just, equitable and proper.

Dated: March 7, 2017

By:/s/ Jayson M. Lorenzo
Jayson M. Lorenzo
Attorney for Plaintiff