# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BENNETT,<br><br>                      Plaintiff,<br><br>v.<br><br>DARON FORBES; and WE ARE VOLLEYBALL ELITE,<br><br>                      Defendants. | Case No.: 17cv464-MMA (KSC)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS; AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>[Doc. Nos. 16, 17] |

On August 25, 2017, Plaintiff Andrew Bennett filed a motion for leave to file an amended complaint [Doc. No. 16-1 ("Mot. Leave")] and a motion to stay the proceedings pending resolution of a partnership dissolution proceeding in state court [Doc. No. 17-1 ("Mot. Stay")]. Defendants Daron Forbes and We Are Volleyball Elite ("WAVE"), oppose the motions. Doc. Nos. 18 ("Oppo. Leave"), 19 ("Oppo. Stay"). Plaintiff filed timely replies. Doc. Nos. 20 ("Reply Stay"), 21 ("Reply Leave"). The Court, in its discretion, decides the matter on the papers submitted and without oral argument,

pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court **DENIES** Plaintiff's motion to stay and **GRANTS** Plaintiff's motion to amend.

## BACKGROUND

On March 7, 2017, Plaintiff filed this action against Defendants alleging causes of action for intentional interference with contractual relations, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, defamation, trademark infringement, unfair competition and false designation under federal law, violation of California Business and Professions Code, intentional infliction of emotional distress, negligent infliction of emotional distress, and copyright infringement. *See* Doc. No. 1 ("Compl."); *see also* Doc. No. 4 ("FAC").

According to Plaintiff, he founded certain "organizations for the purpose of connecting intercollegiate beach volleyball programs with high school athletes." *See* Doc. Nos. 4, 7. Specifically, Plaintiff states he "is the founder of the brands and events" called: Get Noticed Beach Volleyball ("GNBV"), Endless Summer Beach Volleyball Tour ("Endless Summer" or "ESVT"), and Juniors Beach Volleyball League ("JBVL"). *See* FAC; Doc. No. 7. Plaintiff alleges he then "[brought] in [Forbes] and her organization, [WAVE] to help grow the brands for over two and a half years." *See* Doc. No. 7. Plaintiff alleges he met Defendant Forbes in 2013 and at some point thereafter, they entered into a verbal agreement for a "joint venture to put on certain events." *See id.* Plaintiff contends the Parties agreed that Plaintiff's organization, the Tamarack Beach Volleyball Club, and Defendant Forbes's organization, WAVE, would put on these events jointly, and would share "revenues, costs, and profits" equally. *See id.*

According to Plaintiff, he recently decided it would be best for the Parties to cease working together, but alleges Defendants have attempted to assert control over and claim ownership of GNBV, Endless Summer, and JBVL. Specifically, the Parties began to feud regarding the management of events and on February 20, 2017, "discussions ensued between the parties about a separation and potentially having one party purchase and own certain brands outright," but the Parties never came to an agreement. *See* Doc. No. 7.

2

17cv464-MMA (KSC)

Plaintiff asserts that Defendants have represented to members of the public that Plaintiff has no right to use the contested brands, and told the Association of Volleyball Professionals that WAVE "owns and operates JBVL, Endless Summer, and GNBV brands." *See* Doc. No. 7 (internal quotations omitted). Plaintiff states that Defendant Forbes "has continued to market and attempt to run events" under the disputed brand names, causing confusion to consumers. *See* Doc. No. 7.

According to Defendants, "Plaintiff was simply an independent contractor hired to assist Defendants' operations" in running "beach volleyball tournaments and showcases . . . to provide a platform for [] youth athletes to get recruited by colleges and universities." *See* Doc. No. 8. Defendants contend that Defendant Forbes first met Plaintiff in 2013, and in 2014 Defendant Forbes asked Plaintiff if he would like to work "as an independent contractor to assist with Team WAVE's beach volleyball events" despite having "been warned by others who had worked with Mr. Bennett that he was not to be trusted." *See* Doc. No. 8. Because of Defendant Forbes's wariness about Plaintiff's trustworthiness, Defendant Forbes claims she never allowed Plaintiff to hold "a position of title within Team WAVE's organization" and Defendants "maintained all ownership of all aspects of the GNBV, ESVT, and JBVL brands and events." *See* Doc. No. 8. Defendants contend Defendant WAVE "agreed to be financially responsible for all the events, including the permits, insurance coverage, costs, and any losses incurred with the beach volleyball events." *See* Doc. No. 8. Defendants state that Defendant WAVE paid Plaintiff half of the net proceeds from each event, but asserts that this does not constitute sharing of profits because many expenses did not factor into his payments. Defendants assert that Plaintiff requested an ownership interest in, or control over, the brands, but Defendant WAVE denied his requests.

On April 7, 2017, Defendants filed an Answer. Doc. No. 5 ("Answer"). On April 24, 2017, Plaintiff filed a motion for preliminary injunction requesting the Court order Defendants to, pending resolution of this action, refrain from: (1) "running any volleyball events using the GNBV, Endless Summer, and JBVL brands;" (2) "advertising,

promoting, and posting on any social media platforms under the names GNBV, Endless Summer, and JBVL;" (3) "advertising, promoting, and posting on any websites under the names GNBV, Endless Sumer, and JBVL;" and (4) "using the names GNBV, Endless Summer, and JBVL, in any form." *See* Doc. No. 7. On June 12, 2017, the Court denied Plaintiff's motion for a preliminary injunction. Doc. No. 14.

During briefing on Plaintiff's motion for a preliminary injunction, Plaintiff learned that Defendants were claiming there was never a partnership related to any of the events thrown together. Mot. Leave at 2. On June 22, 2017, Plaintiff filed a Complaint for partnership dissolution in state court as a direct result of Defendants' claim there was no partnership. *Id.* The state action is based on the same set of facts that are at issue in the instant action. Oppo. Leave at 3. Plaintiff filed an *ex parte* request for a temporary restraining order in state court to enjoin Defendants from running any volleyball events under the names GNBV, Endless Summer, and JBVL. Mot. Leave at 2-3. Defendants filed an Answer on August 14, 2017 in the state court action, and then filed a Motion to Stay the state court action on August 16, 2017. *Id.* The Superior Court deferred its rulings until after the hearing in this Court regarding the motion to stay and motion to amend currently pending before this Court. Oppo. Leave at 3.

## REQUESTS FOR JUDICIAL NOTICE

Plaintiff requests the Court take judicial notice of Plaintiff's First Amended Complaint filed in the Superior Court of California [Doc. Nos. 16-3, 17-4] and Defendants request the Court take judicial notice of several state court documents, including the Superior Court's docket, the Complaint and First Amended Complaint, the tentative ruling for Plaintiff's motion for a preliminary injunction and for Defendants' motion to stay, and the minute order for Plaintiff's motion for preliminary injunction [Doc. Nos. 19-2; 18-1 at 7-22]. Defendants also request the Court judicially notice documents filed by the United States Patent and Trademark Office, including Plaintiff's trademark application for Endless Summer Volleyball Tour and GN BV Get Noticed

Beach Volleyball. Doc No. 18-1 at 1-6. Defendants obtained the trademark documents from the U.S. Patent and Trademark Electronic Search System. *See* Doc. No. 18-1 at 2.

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). Public records of administrative agencies are also appropriate matters of judicial notice. *See Dahon N. Am., Inc. v. Hon*, No. 2:11-CV-05835-ODW, 2012 WL 1413681, at *8 n.4 (C.D. Cal. Apr. 24, 2012) (taking judicial notice of documents filed on the United States trademark website); *see also Clearly Food & Beverage Co. v. Top Shelf Bevs., Inc.*, 102 F. Supp. 3d 1154, 1161 (W.D. Wash. 2015) (taking judicial notice of trademark applications obtained from the U.S. Patent and Trademark Electronic Search System). However, to the extent that any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Neither Plaintiff nor Defendants oppose the requests for judicial notice. Accordingly, the Court **GRANTS** both requests because the state court records are proper subjects of judicial notice.

## MOTION TO STAY

Plaintiff moves the Court to stay the proceedings pending resolution of a partnership dissolution and accounting action currently pending in the San Diego Superior Court. Mot. Stay at 2. Defendants oppose the motion. Oppo. Stay.

1. *Relevant Background*

On June 22, 2017, Plaintiff filed a Complaint in *Bennett v. Forbes, et al.*, No. 37-2017-00022703-CU-MC-NC, in the San Diego County Superior Court. Mot. Stay at 3;

Doc. No. 17-4. On July 5, 2017, Plaintiff appeared *ex parte* to request a temporary restraining order. Mot. Stay at 3. Defendant answered Plaintiff's state court Complaint on August 14, 2017 and filed a motion to stay the state court action on August 16, 2017. Oppo. Stay at 4. The San Diego County Superior Court published tentative rulings denying Plaintiff's request and continued Defendants' motion to stay to be heard after this Court's ruling on the present motions. *Id.* On September 8, 2017, the San Diego County Superior Court deferred its rulings until after the hearing in this Court regarding the motion to stay. *Id.*

## 2. *Legal Standard*

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976); *see also Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005) (stating that circumstances warranting a stay under the *Colorado River* doctrine are "exceedingly rare"); *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) ("the *Colorado River* doctrine is a narrow exception"). "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction . . . .'" *Colorado River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)); *see also Seneca Ins. Co. v. Strange Land Inc.*, 862 F.3d 835, 841 (9th Cir. 2017).

Nonetheless, federal courts are authorized to dismiss or stay an action "due to the presence of a concurrent state proceeding for reasons of wise judicial administration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (quoting *Colorado River*, 424 U.S. at 818). In considering whether to do so, the court is tasked with ascertaining "whether there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the *surrender* of [federal] jurisdiction." *Id.* at 25-26 (emphasis in original); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 912 (9th Cir. 1993) ("Only exceptional circumstances justify such a stay, and whether

these circumstances exist is determined by weighing a complex of factors."). Accordingly, the court considers the following factors in determining whether to grant such a stay:

> (1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; and (7) whether exercising jurisdiction would promote forum shopping.

*Holder*, 305 F.3d at 870 (citing *Moses H. Cone*, 460 U.S. at 15-16, 23, 26; *Colorado River*, 424 U.S. at 818-19); *see also Seneca Ins. Co.*, 862 F.3d at 842. Regardless, "the decision whether to [stay] a federal action because of a parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16; *see also Seneca Ins. Co.*, 862 F.3d at 842; *Intel Corp.*, 12 F.3d at 912.

In the Ninth Circuit, "the narrow *Colorado River* doctrine requires that the pending state court proceeding resolve all issues in the federal suit." *Holder*, 305 F.3d at 859; *see also Seneca Ins. Co.*, 862 F.3d at 842. Indeed, if "there exists a substantial doubt as to whether the state court proceeding will resolve all of the disputed issues in [the federal] case, it is unnecessary for [the court] to weigh the other factors included in the *Colorado River* analysis." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d at 913 n.7. The Ninth Circuit explained that:

> Under the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceeding will resolve the federal action precludes the granting of a stay . . . . "When a district court decides to . . . stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal

7

>   at all . . . . Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses."

*Id.* at 913 (internal citations omitted); *see also Smith*, 418 F.3d at 1033 (9th Cir. 2005).

3.   <u>*Analysis*</u>

Here, the Court finds there to be substantial doubt as to whether the state proceeding will resolve all the issues presented in this federal action. Plaintiff concedes that "the claims and causes of action are not the same." Mot. Stay at 5. The instant action includes claims for copyright infringement, trademark infringement, intentional interference with contractual relations, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, defamation, federal unfair competition and false designation, intentional infliction of emotional distress, and negligent infliction of emotional distress. *See* FAC. The San Diego Superior Court case includes causes of action for partnership dissolution and accounting. *See* Doc No. 17-4 at 4-8. Further, the San Diego Superior Court cannot decide all of Plaintiff's federal claims. 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights."). Accordingly, "there exists a substantial doubt as to whether the state court proceeding will resolve all of the disputed issues in [the federal] case, [and] it is unnecessary for [the court] to weigh the other factors included in the *Colorado River* analysis." *Intel Corp.*, 12 F.3d at 913 n.7.

Nonetheless, consideration of the other factors also does not weigh in favor of granting the requested stay. Neither this court nor the state court has assumed jurisdiction over property. Jurisdiction was first obtained in this Court, but state law provides the rule of decision on the merits of many—although not all—of Plaintiff's claims. However, there has been no showing that this federal forum is inconvenient for the parties or that the exercise of jurisdiction by this court would promote forum

shopping.[1] As previously discussed, not all the issues in the two actions are the same and there exists a legitimate concern whether the state court proceedings are adequate to protect the rights of the litigants in this action. Further, while avoiding piecemeal litigation is certainly a desirable goal, there has been no showing that it will not be achieved if this Court proceeds in this action. Indeed, the San Diego Superior Court has deferred deciding on whether to stay the state action pending in state court until after this Court rules on the motions pending here. Further, Plaintiff states that the state court's finding of whether or not a general partnership and/or joint venture existed will only "likely" preclude Plaintiff's infringement claims. Reply Stay at 7.

In short, after considering all of the relevant factors, this Court is not persuaded that exceptional circumstances and the clearest of justifications have been established justifying the granting of a stay. Accordingly, the Court **DENIES** Plaintiff's motion to stay proceedings pending resolution of the partnership dissolution proceeding in the San Diego Superior Court.

### MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff moves the Court to permit Plaintiff to file a Second Amended Complaint ("SAC") removing without prejudice the following claims from Plaintiff's FAC: (1) intentional interference with contractual relations; (2) intentional interference with prospective economic advantage; (3) negligent interference with prospective economic advantage; (4) defamation; (5) violation of California Business and Professions Code 17200; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress. Doc. No. 16. This would leave Plaintiff with three claims for relief in the SAC: (1) trademark infringement; (2) unfair competition and false designation under

---

[1] The Court notes that Plaintiff decided to file the instant federal action in the United States District Court for the Southern District of California and to file the state action in the San Diego Superior Court in Vista, California. *See* Compl.; *see also* Doc No. 17-4 at 4-8. As a result, the Court find's Plaintiff's allegations of inconvenience with respect to traveling between Vista, CA and San Diego, CA to litigate both cases unpersuasive.

federal law; and (3) copyright infringement. *Id.* at 4. Defendants oppose Plaintiff's motion. Oppo. Leave.

## 1. *Relevant Background*

On August 9, 2017, Plaintiff's counsel and Defendants' counsel met and conferred regarding amendment of the FAC. Mot. Leave at 3. Plaintiff requested that Defendants permit Plaintiff to amend his FAC to remove the state claims because they depend on whether a partnership was formed. *Id.* Defendants offered to stipulate to Plaintiff amending the FAC to include a claim for dissolution of partnership. Oppo. Leave at 4. The parties could not agree, and so Plaintiff filed the instant motion.

## 2. *Legal Standard*

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its complaint (i) within 21 days after serving it; (ii) within 21 days after a responsive pleading has been served; or (iii) with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a). The United States Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-04000 SC, 2013 WL 1739451, at *3 (N.D. Cal. Apr. 22, 2013) (stating "the Ninth Circuit has stressed Rule 15's policy of favoring amendments").

## 3. *Analysis*

Defendants argue that Plaintiff's motion for leave to amend should be denied because they will be unduly prejudiced, Plaintiff's motion is unduly delayed, Plaintiff is seeking leave to amend in bad faith, and Plaintiff has already amended his Complaint once. Oppo. Leave at 5-14. Plaintiff contends that "it is only natural and fair that [state

law] claims for relief be dismissed pending the Partnership Dissolution action in state court," and that "[r]emoving these claims for relief will simplify this case for Plaintiff, Defendants, and this Court and limit it only to the Federal intellectual property issues." Mot. Leave at 4.

### a. *Prejudice*

In the context of a motion to amend, prejudice means "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969). The prejudice inquiry carries the "greatest weight" among the five factors. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendants argue they will be substantially prejudiced by Plaintiff's amendment because it will alter the nature of the litigation by allowing disputed claims before this Court to be decided in the San Diego County Superior Court, which will risk potentially conflicting rulings in the two different courts and cause twice the litigation expense. Oppo. Leave at 6-9. Specifically, Defendants note that this Court would have supplemental jurisdiction over the dissolution and accounting claims Plaintiff filed in State court, and eliminating the state law claims would significantly alter the nature of the litigation. *Id.* at 6-7. Plaintiff counters Defendants will not be prejudiced because granting Plaintiff leave to amend will not require supplemental discovery or require Defendants to consider a new line of legal argument. Reply Leave at 4. Plaintiff explains that amending the complaint will not alter the nature of the litigation, but will "simplify the litigation into one intellectual property based dispute" and leave the state partnership issues to be decided by the San Diego Superior Court. *Id.* at 5. Further, Plaintiff asserts that splitting the claims between two different courts will not invite potentially conflicting rulings because the two actions involve different claims and remedies, and will not result in twice the litigation expenses because Plaintiff and Defendants could meet and confer to streamline discovery. *Id.*

The Court finds that Defendants have not established undue prejudice. Defendants have not shown how withdrawing Plaintiff's state law claims would create an undue difficulty in prosecuting this lawsuit. Should Plaintiff's leave to amend be granted, the state law claims would be eliminated from the instant action, which would simplify the action. As a result, this factor weighs in favor of granting Plaintiff leave to amend.

### b. *Delay*

Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court. *See Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012). "Considerable delay with no reasonable explanation is relevant where a proposed amendment would cause prejudice to the other party or would significantly delay resolution of the case." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 175 F.R.D. 640, 643 (C.D. Cal. 1997) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). The Ninth Circuit has noted "late amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). Courts have also found undue delay weighing against granting leave to amend where the motion "is filed near or after the close of discovery." *Ewing v. Megrdle*, No. CV 12-01334 MWF (AJW), 2015 WL 1519088, at *4 (C.D. Cal. March 26, 2015) (summarizing Ninth Circuit cases affirming denials of motions to amend due to undue delay when the motions were filed near or after the close of discovery).

Defendants contend that Plaintiff's motion for leave to amend is unduly delayed because he knew Defendants denied that a partnership existed over five months ago. Oppo. Leave at 9-12. Plaintiff counters that he did not learn of Defendants' decision until briefing on the motion for preliminary injunction filed in this Court. Reply Leave at 7. Plaintiff asserts that he waited to seek leave to amend the FAC until the Court's ruling on the motion for preliminary injunction because the Court could have rendered an

opinion on the partnership issue. *Id.* Because the Court's ruling came out on June 12, 2017, Plaintiff's motion "can hardly be considered a delay." *Id.*

The fact that Plaintiff should have known that Defendants denied that a partnership existed over five months ago is irrelevant to whether Plaintiff should be granted leave to amend to withdraw state law claims. Further, discovery has not begun in this case. Finally, the Court finds that Plaintiff's proposed withdrawal of state claims from the federal action would not cause prejudice to Defendants and would not significantly delay resolution of the case. Accordingly, the Court finds no undue delay. *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("[t]o show undue delay, the opposing party must at least show delay past the point of initiation of discovery"); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (no evidence of undue delay when "suit is still in its early stages" and the moving party offers a "satisfactory explanation of their delay"). As a result, this factor weighs in favor of granting Plaintiff leave to amend.

### c. Bad Faith

"In the context of a motion for leave to amend, 'bad faith' means acting with the intent to deceive, harass, mislead, delay, or disrupt." *Covert v. City of San Diego*, No. 15-cv-2097-AJB (WVG), 2016 WL 7117364, at *5 (S.D. Cal. Dec. 6, 2016). As defined in other contexts, bad faith "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . . [I]t contemplates a state of mind of affirmatively operating with furtive design or ill will." *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir. 2003).

Defendants contend that Plaintiff filed this claim and the state court action to harass Defendants. Oppo. Leave at 12. Defendants assert that Plaintiff now seeks to move more claims to state court in an "attempt to evade the federal ruling by forum shopping and harassing Defendants with dueling state and federal claims on identical issues." *Id.* at 13. Plaintiff counters that he "believes in good faith that at the bare minimum he was a partner" and is attempting to amend the complaint "to dismiss all of

the state claims so that the Superior Court can expedite this key issue for this Court." Reply Leave at 7.

The Court disagrees with Defendants' argument. The fact that Plaintiff has filed a complaint in state court and one in federal court arising out of the same facts does not, on its own, support a finding that Plaintiff is attempting to harass Defendants. As a result, this factor weighs in favor of granting Plaintiff leave to amend.

### d. Futility

A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *See Carrico v. City & Cnty of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). The test of futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Defendants do not contend withdrawing state claims would be futile. Oppo. Leave at 13. Accordingly, this factor weighs in favor of granting Plaintiff leave to amend.

### e. Prior Amendment

A district court's discretion to deny amendment is especially broad when the court has already given a plaintiff one or more opportunities to amend. *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). "While not sufficient alone to deny leave to amend, a party's prior opportunities to amend are relevant to whether the court abused its discretion in denying leave." *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 552 (C.D. Cal. 1997). While Plaintiff has amended his Complaint once, he did so as a matter of course under Federal Rule of Civil Procedure 15(a)(1). This weighs in favor of granting a motion for leave to amend because Plaintiff's previous amendment was not with leave of court and all the other factors weigh in favor of granting leave to amend.

### 4. Conclusion

On a final note, the Court emphasizes that it is within its discretion to grant Plaintiff's request for leave to amend. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996) (the decision to grant or deny leave to amend is within the district

court's discretion). While the Court appreciates Defendants' arguments, Plaintiff is master of his Complaint, and the Court will not require Plaintiff to litigate claims he no longer wishes to litigate in this Court. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint [Doc. No. 16].

## CONCLUSION

In conclusion, the Court **ORDERS** as follows:

(1) Plaintiff's Request for Judicial Notice is **GRANTED**;

(2) Defendants' Request for Judicial Notice is **GRANTED**;

(3) Plaintiff's Motion to Stay is **DENIED**; and

(4) Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**.

The Clerk of Court is **DIRECTED** to file Plaintiff's Second Amended Complaint attached as Exhibit B to Plaintiff's "Notice of Motion for Leave to File Amended Complaint, FRCP 15(a)(2)" [Doc. No. 16 at 18-25] as a separate docket entry.

**IT IS SO ORDERED**.

Dated: October 12, 2017

Hon. Michael M. Anello
United States District Judge